Shaw, C. J.
This was a complaint by landlord against tenant to recover possession of tenements leased by parol agreement by the plaintiffs to the defendant. The court are of opinion, that the defendant is estopped from denying the plaintiffs’ right and title, as landlord, either to dispute the payment of rent, or to resist their title to regain the possession. Cobb v. Arnold, 8 Met. 398. They may therefore have this process, on the ground of an actual letting by the plaintiffs and holding by the defendant. If indeed the superior landlord had entered and excluded the defendant, before this process commenced, it might be a good answer to the complaint. This not having been done, the action was rightly commenced. '
The plea in the nature of puis darrein continua/n 'ce, were it admissible at all, comes too late, even if the transfer from one of the plaintiffs of his interest to the other during the process were sufficient to abate it. But we are inclined to the opinion, that the transfer by one of his right in the premises to the other would not abate the process; there is no discontinuance, no discharge of any party from the record, and. if the defendant recover costs, he will have his judgment against both plaintiffs; there seems, therefore, to be no ground on which the defendant can abate the writ.
The fact, that the superior landlord, since the verdict, has recovered the possession, is no bar to the plaintiff’s recovery; it may affect the amount, which the plaintiffs may recover for rent, on the defendant’s recognizance; the amount may be limited to the time of such entry.
The plaintiffs are entitled to a judgment for then- costs, and such judgment, also, as will entitle them to the benefit of their recognizance and for payment of rent, until the superior landlord entered; because until that time the defendant is liable to pay rent to them, if, as the case supposes, he hired of them, and they had a right to recover possession when their complaint was commenced. Judgment for the plaintiffs.